Argued and submitted October 10, reversed November 26, 1979

## HAMMONS,
*Respondent,*

*v.*

## PERINI CORPORATION,
*Petitioner.*

### (No. 77-6333, CA 14125)

602 P2d 1094

Elizabeth K. Reeve, Portland, argued the cause for itioner. On the brief were L. Edward Robbins, Ridg-y K. Foley, Jr., Michael D. Hoffman and Souther, ulding, Kinsey, Williamson & Schwabe, Portland.

[299]

Paul S. Wiggins, Jr., Forest Grove, argued the cause for respondent. With him on the brief was Caldwell & Higgins, Forest Grove.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

This is a claim for compensation for a pneumothorax (collapsed lung) and resulting disease which occurred while the claimant was working as a pipe construction supervisor. He had knocked out a couple of 2 x 4's with a sledge hammer shortly before the collapse. Several years before, he had San Joaquin Valley fever, a lung disease, and had declined recommended surgery. Consequently, a blister grew on the lung. The mechanics of his present injury are that the blister broke, allowing the air to leak from his right lung, thus causing the collapse. The referee found the injury to be noncompensable; the Workers' Compensation Board found it was. The employer appeals. The question is whether the injury is job related.

There are two treating physicians and one consultant. The treating physicians conclude that the injury is job related. The consultant concludes that it is not. The referee believed the consultant and denied benefits. The Board, reversing the referee and awarding benefits, found the treating physicians more credible because they had observed the patient.

On de novo review, we find that the consultant is far more persuasive than the treating physicians. The premise of the Board that the treating physicians are more credible than consultants has no application in this case. There is nothing about the nature of the treatment which would enhance one's diagnostic ability by virtue of having examined and treated the claimant. This case involves expert analysis rather than expert external observation. Hence, we do not give special credit to the treating physicians in this case.

The consultant, Dr. Tuhy, surveyed the records of claimant's prior treatment and his x-rays. He reviewed the literature in the field and explained the mechanics of the injury in detail. Because most such blister blowouts are unrelated to activity (indeed, they happen most commonly while the person is asleep) he concluded, consistent with the literature, that such blow-

[301]

outs are unrelated to exertion. He stated that the job exertion may have made this blow-out more painful, but it did not cause the injury itself or increase the resulting impairment.

Claimant's physicians simply state their conclusions without explanation. Dr. Tawakol's conclusion, in his words, was:

"It was felt that Mr. Hammons, because of his work and physical activity, there might be some direct relationship between work and the pneumothorax."

In the next paragraph of Dr. Tawakol's short report, however, he stated:

"* * * He had emphysema on top of the San Joaquin Valley fever and the emphysema was a direct cause and relationship between that and the right pneumothorax."

He then combined both ideas:

"* * * I feel that there is some relationship between his emphysema and the right pneumothorax and is probably work-related. * * *"

Dr. Isaak, an osteopathic physician, concludes without further explanation:

"* * * I would assume that Mr. Hammons work, which was rather physical, could have caused a direct relationship to his pneumothorax. * * *"

Dr. Isaak goes on to say that he understands that claimant had San Joaquin Valley fever in the past and that there may have been a relationship between that disease and the present pneumothorax.

In balance, we find Dr. Tuhy's analysis to be more reasoned and knowledgeable and, hence, more persuasive. We conclude that the injury was not the result of the claimant's job.

Reversed.